UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JABARI PORCHE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-639** |
| **ZACHRY HOLDINGS, INC., ET AL.** | **SECTION L (5)** |

## ORDER AND REASONS

Before the Court is Defendant Zachry Industrial, Inc.'s ("Zachry") Motion for Partial Summary Judgment as to Plaintiff Jabari Porche's claim of direct negligence. R. Doc. 50. Plaintiff opposes the Motion, R. Doc. 66, and Zachry has filed a reply memorandum, R. Doc. 68. Having considered the parties' arguments, in light of the applicable law and record facts, the Court will GRANT IN PART and DENY IN PART the Motion for the following reasons.

I.     **BACKGROUND**

This dispute arises from a motor vehicle collision. On November 8, 2023, Plaintiff, driving a sports utility vehicle, collided with a Ford F-150 truck driven by Defendant Coral Gonzalez on LA Highway 23 in Plaquemines Parish, Louisiana. R. Doc. 1-2 at 1. Both Plaintiff and Gonzalez are employees of Zachry. R. Doc. 50-11 at 1. Because Gonzalez was operating the truck within the scope of her employment with Zachry at the time of the accident, Plaintiff alleges that Zachry is vicariously liable for the injuries he incurred as a result. R. Doc. 1-2 at 1. Additionally, Plaintiff asserts direct negligence claims against Zachry on the basis that Zachry was negligent in its hiring,

1

retention, training, and supervision of Gonzalez, and that this negligence jointly contributed to the accident and Plaintiff's injury. *Id.* at 2. Plaintiff seeks damages, *inter alia*, for past and future medical expenses, physical and mental pain and suffering, lost wages, loss of earning capacity, and property damage. *Id.*

## II.    APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). However, "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

## III.    DISCUSSION

Zachry now moves the Court for summary judgment as to Plaintiff's direct negligence

claims against it. R. Doc. 50. Zachry argues that Plaintiff cannot meet his burden to show that it was negligent in its hiring, retention, training, or supervision of Gonzalez. *Id.* In opposition, Plaintiff concedes that there is no evidence Zachry was negligent in its hiring or retention of Gonzalez, but presses that genuine disputes of material fact remain regarding negligent training and supervision that preclude summary judgment on those claims. R. Doc. 66 at 1.

Plaintiff bears the burden to establish that Zachry's training and/or supervision of Gonzalez was inadequate. *Stein v. City of Gretna*, 17-554, p. 5 (La.App. 5 Cir. 5/30/18); 250 So.3d 330, 336–37. Under Louisiana law, "[a] direct claim against an employer for torts of an employee based on the employer's alleged negligence in hiring, retaining, or supervising the employee generally is governed by the same duty-risk analysis for all negligence cases in Louisiana." *Awanbor v. Williams*, No. 2025-0054, p. 7 (La. App. 1 Cir. 8/4/2025); 418 So.3d 1043, 1050; *Griffin v. Kmart Corp.*, No. 00-1334, p. 6 (La. App. 5 Cir. 11/28/00); 776 So.2d 1226, 1231. "There are five elements to a negligence claim: duty, breach, cause in fact, legal cause, and damages." *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So. 2d 627, 632-33 (La. 2006). As part of meeting his burden to prove that Zachry was negligent in its training or supervision of Gonzalez, Plaintiff must establish (1) what Zachry should have done to train and supervise Gonzalez and (2) how it failed to do so. *Stein*, 250 So.3d at 336–37.

With respect to Zachry's supervision of Gonzalez, as Zachry asserts, Plaintiff merely argues that Gonzalez should have been supervised more, without identifying what would constitute a non-negligent level of supervision. *See* R. Doc. 68 at 2–3. Additionally, Plaintiff presents no evidence suggesting a lack of supervision caused or contributed to the subject car accident. As a result, Plaintiff has failed to show that any genuine issue of material fact precludes the entry of summary judgment in Zachry's favor on his negligent supervision claim.

3

As to Plaintiff's claim for negligent training, however, Plaintiff points to the deposition testimony of several witnesses establishing that Zachry may have relied on officers from the Plaquemines Parish Sheriff's Office to block traffic at the intersection where the subject accident occurred. *See* R. Doc. 66 at 2–4. Gonzalez testified that she had not received any training on this procedure or otherwise in operating the company truck. *See id.* at 5–6. This creates, at minimum, an issue of material fact as to whether Zachry violated a duty to train Gonzalez in its proper operating procedures, potentially leading to the accident with Plaintiff and causing his alleged injuries. Plaintiff's negligent training claim requires resolution by a jury and must survive summary judgment.

### IV.   CONCLUSION

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Zachry's Motion, R. Doc. 50, is **GRANTED IN PART** as to Plaintiff's claims against Zachry for negligent hiring, retention, and supervision, and **DENIED IN PART** as to Plaintiff's claims against Zachry for negligent training.

New Orleans, Louisiana, this 5th day of February, 2026.

_____
United States District Judge