UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JABARI PORCHE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-639** |
| **ZACHRY HOLDINGS, INC., ET AL.** | **SECTION L (5)** |

## ORDER AND REASONS

Considering Defendants Zachry Industrial, Inc. and Coral Gonzalez's Motion in Limine to Preclude Plaintiff from Introducing Police Reports and Evidence of Traffic Citations, R. Doc. 93, in light of Plaintiff Jabari Porche's opposition thereto, R. Doc. 105, and Defendant's reply memorandum, R. Doc. 126;

**IT IS ORDERED** that the Motion is **GRANTED IN PART** as to Defendants' request that Plaintiff be precluded from introducing evidence of traffic citations against Defendant Coral Gonzalez, given Plaintiff's stipulation that he does not intend to introduce any such evidence at trial.

**IT IS FURTHER ORDERED** that the Motion is **GRANTED IN PART** as to the Crash Diagram, given Officer Palmisano's testimony at deposition that the diagram is not based on his personal knowledge and/or observations.

**IT IS FURTHER ORDERED** that the Motion is **DENIED IN PART** as to the remainder of the Uniform Crash Report. The Report itself is admissible under Federal Rule of Evidence 803(8). The hearsay statements of Plaintiff contained within the narrative section of the report are

admissible as either present sense impression or an excited utterance under Federal Rule of Evidence 803(1) or (2). The statements of Defendant Coral Gonzalez contained within the narrative section of the report are not hearsay and are thus admissible under Federal Rule of Evidence 801(d)(2).

    New Orleans, Louisiana, this 27th day of February, 2026.

                                                _____
                                                  United States District Judge