**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JABARI PORCHE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-639** |
| **ZACHRY HOLDINGS, INC., ET AL.** | **SECTION L (5)** |

## ORDER AND REASONS

Before the Court are two Motions to Strike filed by Plaintiff Jabari Porche relative to three supplemental expert reports recently produced by Defendants Zachry Industrial, Inc. ("Zachry") and Coral Gonzalez. R. Docs. 176, 177. Defendants oppose the motions, R. Docs. 183, 184, and Plaintiff has filed reply memoranda, R. Docs. 188, 189. Having considered the briefing in light of the applicable law and record facts, the Court will DENY Plaintiff's motions for the following reasons.

By way of relevant background, this action arises from a car accident between Plaintiff and Zachry's employee, Gonzalez. R. Doc. 1-2. Trial in this matter has been continued several times. R. Docs. 106, 135, 152, 167. In February 2026, the Court continued trial for the second time and reopened discovery for the limited purpose of allowing the parties to conduct discovery relative to a previously undisclosed car accident involving Plaintiff that is not the subject of this suit. R. Doc. 152. Recently, in August 2026, the Court continued trial for the fourth time and again reopened discovery for the limited purpose of allowing the parties to conduct discovery relative to a previously undisclosed surveillance video of the subject accident. R. Doc. 167.

During the first period of reopened discovery, Plaintiff filed a motion to strike a supplemental expert report Defendants had produced from their medical expert, Dr. Andrew Todd. R. Doc. 141. The Court granted that motion, finding that Dr. Todd's supplemental report went beyond the limited scope of the reopened discovery, and was thus untimely. R. Doc. 150. The Court thus excluded the supplemental report from use at trial. *Id.*

Plaintiff now moves the Court to also exclude a new supplemental report from Dr. Todd, as well as supplemental reports from Defendants' life care expert Elizabeth B. Martina and economic expert Kenneth J. Boudreaux. R. Docs. 176, 177. Plaintiff points out that these reports go beyond the limited scope of the second period of reopened discovery. *Id.* Defendants do not contest that the new reports address aspects of Plaintiff's case not pertaining to the video of the subject accident; however, Defendants argue that the new reports constitute timely rebuttal opinions to the amended life care plan produced by Plaintiff's expert witness, Dr. Todd Cowen. R. Docs. 183, 184.

As an initial matter, Plaintiff avers that the Court should strike Dr. Todd's supplemental report on the basis that the Court's prior order striking a different report of Dr. Todd's stated that "Dr. Todd will not be permitted at trial to testify beyond the scope of his prior reports." R. Doc. 150. However, that ruling was limited to Dr. Todd's prior supplemental report, which was subject to strike because it went beyond the limited scope of the first period of reopened discovery and was not a timely rebuttal to any report produced by Plaintiff. The Court's prior order thus does not preclude admission of Dr. Todd's present supplemental report, provided that it does constitute a timely rebuttal to Plaintiff's supplemental report from Dr. Cowen.

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) provides a 30-day window for the production of rebuttal opinions. Defendants produced the challenged supplemental reports of Dr.

Todd, Martina, and Boudreaux within 30 days of receiving Plaintiff's supplemental report from Dr. Cowen. *See* R. Docs. 183-1–3. As a result, if Defendants' supplemental reports constitute rebuttal opinions, they are timely. Having reviewed Defendants' supplemental reports, the Court concludes that they properly respond to amended and supplemented content in the report of Dr. Cowen, and are thus rebuttal opinions. Accordingly;

**IT IS ORDERED** that Plaintiff's Motions, R. Docs. 176 and 177, are **DENIED**.

New Orleans, Louisiana, this 29th day of September, 2026.

Eldon E. Fallon

United States District Judge